**UNITED STATES DISTRICT COUT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CATHY RINZLER
8 Pebble Road, C3
Woodland Park, NJ 07424

Plaintiff

vs.

SIMON PROPERTY GROUP, LP
225 West Washington Street
Indianapolis, IN 46204
and
SIMON PROPERTY GROUP, INC.
225 West Washington Street
Indianapolis, IN 46204
and
POCONO PREMIUM OUTLETS
1000 Premium Outlets Drive
Tannersville, PA 18372
and
CHELSEA POCONO FINANCE, LLC,
DBA /AKA CROSSINGS PREMIUM OUTLETS
1000 Route 611
Tannersville, PA 18372
and
JOHN DOE
1000 Premium Outlets Drive
Tannersville, PA 18372

Defendants

CIVIL ACTION—No.

## **COMPLAINT**

## **JURISDICTIONAL STATEMENT**

1. This Court has jurisdiction of the subject matter of the within action pursuant to 28 U.S.C. § 1332 as the claim is between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## PARTIES

1. Plaintiff, Cathy Rinzler, is an adult individual, citizen, and resident of the Commonwealth of Pennsylvania, residing therein at the above-captioned address.

2. Defendant, Simon Property Group, LP is a business entity conducting business at the above-captioned address.

3. Defendant, Simon Property Group, Inc. is a business entity conducting business at the above-captioned address.

4. Defendant, Pocono Premium Outlets is a business entity conducting business at the above-captioned address.

5. Defendant, Chelsea Pocono Finance, LLC, DBA /AKA Crossings Premium Outlets, is a business entity conducting business at the above-captioned address.

6. Defendant John Doe is a fictitious name.

7. Defendant, John Doe, upon investigation, is the unidentified individual who may own, operate, control, maintain and/or otherwise possess the property that is the subject of the instant lawsuit, as set forth below, and the true identity has been concealed and/or undetermined to date and, therefore, is being named as John Doe.

8. A reasonable search, including, but not limited to, investigation of the property and inquiring as to Defendant John Doe's identity may not have revealed the true identity of John Doe.

## BACKGROUND COMMON TO ALL COUNTS

9. Defendants, at all times pertinent hereto, owned, leased, possessed, operated, managed, controlled and/or maintained, jointly and/or separately, the property located at 1000 Premium Outlets Drive in Tannersville, PA (the "Premises").

10. On or about November 7, 2021, Plaintiff was a lawful pedestrian who was caused to trip, stumble and fall because of the defective, broken, and uneven sidewalk that was negligently permitted to exist.

11. The defective, broken, and uneven sidewalk was an unreasonably dangerous condition in, of, and on the premises that Defendants knew, or in the exercise of reasonable care should have known, existed and knew created a foreseeable risk of harm.

12. It is believed, and therefore averred, that Defendants' agents, employees, workmen, or other representatives caused or permitted the defective, broken, and uneven sidewalk to exist on Defendants' property, which caused Plaintiff to trip and fall.

13. Defendants neither warned Plaintiff of the unreasonably dangerous and defective condition Defendants caused or permitted to exist in, of, and on the premises, nor did Defendants protect Plaintiff from the foreseeable risk of harm created by the unreasonably dangerous condition Defendants caused or permitted to exist in and /or on the sidewalk.

14. At all times relevant hereto, Plaintiff did not assume the risk of injury or accident.

15. The subject accident and Plaintiff's resulting injuries were caused solely, directly and proximately by the careless and negligent acts or failures to act of Defendants.

16. At all times relevant hereto, Plaintiff acted in a careful, cautious, reasonable, and prudent manner and was free of any comparative negligence.

17. Neither the subject accident nor Plaintiff's resulting injuries were caused or contributed to by Plaintiff's acts or failures to act.

18. As a direct and proximate result of Defendants' careless and negligent acts or failures to act, Plaintiff suffered personal injuries or aggravations of injuries including, but not

limited to, Plaintiff's fracture to right foot and a laceration to the left knee, and various other injuries the exact extent and permanency of which are not yet known.

19. As a further direct and proximate result of Defendants' careless and negligent acts or failures to act, Plaintiff has suffered, and may continue to suffer, great physical and mental pain and anguish resulting in a loss of the enjoyment of life.

20. As a further direct and proximate result of Defendants' careless and negligent acts or failures to act, Plaintiff has been, and may continue to be, obliged to receive and undergo medical attention and care to Plaintiff's great financial detriment.

21. As a further direct and proximate result of Defendants' careless and negligent acts or failures to act, Plaintiff has been, and may continue to be, obliged to expend various sums for ordinary and necessary services that Plaintiff would have performed for Plaintiff's own benefit, but was unable to perform due to Plaintiff's serious and potentially permanent injuries or aggravations of injuries.

22. As a further direct and proximate result of Defendants' careless and negligent acts or failures to act, Plaintiff has lost wages and loss of earning capacity, to which a claim is made herein.

23. As a further result of Defendants' careless and negligent acts or failures to act, Plaintiff has workers' compensation liens, healthcare liens, welfare liens, and/or other liens asserted against her, for which she makes claims herein.

**COUNT I**
**PLAINTIFF V. ALL DEFENDANTS**

24. The foregoing paragraphs are incorporated herein as if set forth at length.

25. The careless and negligent acts or failures to act of Defendants, consisted of the following:

a. Failing to properly and adequately inspect and maintain its premises in a reasonably safe condition so that lawful pedestrians would not be unnecessarily and unreasonably exposed to danger;

b. Failing to properly and adequately inspect and maintain the premises so as to prevent the hazardous and dangerous condition in, on, and about said premises;

c. Failing to warn persons lawfully upon the premises of said dangerous and hazardous condition;

d. Failing to implement some remedial measures, such as placing warnings, barricades, and/or cones, around the dangerous condition when they knew, and should have known for some time, of the dangerous and hazardous condition of the premises;

e. Causing and/or permitting a dangerous and hazardous condition to exist on the premises, which Defendants knew or should have known, caused an unreasonable risk of harm to Plaintiff and others like Plaintiff;

f. Failing to properly perform its statutory, common law, and ordinance duties;

g. Failing to properly comply with City, County, State, Federal and/or industry codes;

h. Failing to properly inspect the premises;

i. Creating or permitting a foreseeable risk of harm to business invitees to exist on the premises; and

j. Failing to make said premises reasonably safe.

**DEMAND FOR RELIEF**

Based upon foregoing, Plaintiff demands judgment against Defendant for compensatory damages, interest, costs of suit, attorneys fees, and such other relief as the Court deems just.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues in the foregoing civil action.

**NOTICE OF PRESERVATION OF EVIDENCE**

**PLAINTIFF(S) HEREBY DEMANDS THAT DEFENDANT(S) TAKE ALL NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS, COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION (OR ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO) WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS OF THIS COMPLAINT.**

Respectfully submitted,

BY: ______________________________

Lawrence Kalikhman, Esquire
Attorney for Plaintiff
ID# 93624
KALIKHMAN & RAYZ, LLC
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
(215) 364-5030

Dated: October 19, 2023